**JILIN HENGHE PHARMACEUTICAL CO. and Jilin Pharmaceutical USA,**
Plaintiffs–Appellees,

v.

**UNITED STATES, Defendant–Appellant.**

**No. 04–1565.**

United States Court of Appeals,
Federal Circuit.

Feb. 22, 2005.

ON MOTION

Before LOURIE, CLEVENGER, and SCHALL, Circuit Judges.

## ORDER

SCHALL, Circuit Judge.

Jilin Henghe Pharmaceutical Co. et al. (Jilin) move to dismiss the United States' appeal, vacate the judgment of the Court of International Trade, and remand with instructions to dismiss the complaint in case no. 1:04–CV–00151. The United States moves for an extension of time to file its response to Jilin's motion. The United States responds. Jilin replies.

Jilin states that it seeks to withdraw its challenges to the liquidation instructions that gave rise to this case and relinquish all claims to the antidumping duty cash deposits and interest related to this action. Jilin correctly asserts that the United States' appeal, challenging the Court of International Trade's judgment, is thus moot. The parties are a bit confused concerning what procedure a court of appeals follows when an appeal becomes moot in this manner.

Vacatur of the trial court's judgment is appropriate when mootness results from the action of the party who prevailed in the trial court. *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 25, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994). Thus, we vacate the judgment below and remand with a direction to dismiss. Jilin additionally asks that we dismiss the appeal. However, a court may not both dismiss and remand.

The United States argues that, in addition to vacating the judgment, we must vacate the Court of International Trade's opinion. In the alternative, the United States argues that we should deny Jilin's motion and allow the appeal to continue, notwithstanding the lack of an actual case or controversy. The cases cited in support of that argument deal with an entirely different issue, i.e., whether a trial court should dismiss a complaint with or without prejudice in certain circumstances.

Clearly, under *Bancorp*, the judgment must be vacated and the case remanded to the Court of International Trade with instructions to dismiss the complaint. Because we vacate the judgment, and because the Court of International Trade's opinion is merely an explanation for the now-vacated judgment, there is no need to separately vacate the opinion. *See, e.g., Fromson v. Advance Offset Plate, Inc.*, 755 F.2d 1549, 1556 (Fed.Cir.1985) ("This court reviews judgments, not opinions.").

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is denied.

(2) The motion to vacate the judgment and remand with instructions to dismiss the complaint is granted.

(3) The United States' motion for an extension of time to file its response is granted.

(4) Each side shall bear its own costs.

(5) All pending motions are moot.